PUBLIC SERVICE COMMISSION v. FRAZEE.

[No. 23,344. Filed March 4, 1919. Rehearing denied November 20, 1919.]

1. APPEAL.—*Rulings on Evidence.*—*Review.*—Where the appellant's discussion of the rulings of the court relating to the evidence is general, the court on appeal is justified in so treating the rulings. p. 575.

2. TELEGRAPHS AND TELEPHONES.—*Reasonableness of Rates.*—*Admissibility of Evidence.*—*Appeal from Public Service Commission.*—On appeal to the circuit court from an order of the Public Service Commission fixing telephone rates, it was proper to hear evidence of operating expenses at a time subsequent to the order of the commission, in view of §10052c3 Burns 1914, Acts 1913 p. 167, §81, which authorizes the hearing of different or additional evidence by the court and provides for the transmission thereof to the commission. p. 575.

3. PUBLIC SERVICE COMMISSION.—*Reasonableness of Rates.*—*Evidence.*—*Admissibility on Appeal.*—On appeal to the circuit court from an order of the Public Service Commission fixing telephone rates, where the question of the reasonableness of such order has not been clearly solved, evidence as to a practical test of the reasonableness thereof is admissible. p. 576.

4. EVIDENCE.—*Expert Opinion.*—*Telephone Rates.*—On appeal to the circuit court from an order of the Public Service Commission fixing telephone rates, testimony of an expert accountant who was experienced in telephone matters as to whether the cost of operating telephone plants within the last few years had increased, taking the telephone station as a unit, was admissible. p. 576.

5. EVIDENCE.—*Reasonableness of Rates.—Expert Opinion.*—On appeal to the circuit court from an order of the Public Service Commission fixing telephone rates, testimony of an expert accountant experienced in telephone matters that it was not good business to allow a discount of ten to fifteen cents per month on rentals not paid in advance was admissible. p. 576.

6. EVIDENCE.—*Reasonableness of Rates.—Expert Opinion.*—On appeal to the circuit court from an order of the Public Service Commission fixing rates, testimony of an expert accountant experienced in telephone matters that eight per cent. was a reasonable return on the investment was admissible, since the risk involved depends upon the circumstances surrounding the investment and can be known only by one having such experience or technical knowledge as enables him to form an opinion on the subject, after having considered the interests of all concerned. p. 577.

7. PUBLIC SERVICE COMMISSION.—*Appeal.—Expenses.—Determination.*—Where in a hearing as to reasonableness of rates of a telephone company, the Public Service Commission found against the company, an order of the commission that the company pay the costs of the hearing was not a ruling on an issue tried, but was in the nature of a judgment for costs, which was properly made against the company on entry of the order, under §10052v2 Burns 1914, Acts 1913 p. 167, §74; hence, on appeal to the circuit court, a judgment setting aside the commission's order was sufficient also to set aside its order for costs, necessitating the repayment to the company of an amount improperly collected therefor. p. 578.

From Rush Circuit Court; *Will M. Sparks*, Judge.

Action on appeal to the circuit court by Lewis A. Frazee from an order of the Public Service Commission. From a judgment setting aside the order of the commission, the commission appeals. Trial court directed to modify conclusions of law; otherwise *Affirmed.*

*Ele Stansbury*, Attorney-General, *Elmer E. Hastings, U. S. Lesh, Edward M. White* and *Dale F. Stansbury*, for appellant.

*Miller & Dowling*, for appellee.

HARVEY, C. J.—The Public Service Commission, after a hearing, found against appellee, doing business as the

Connersville Telephone Company; and made an order fixing certain rates, rules and regulations for the future conduct of appellee.   Appellee, by action in the circuit court, appealed from said order, alleging, in short, that said rates, rules and regulations so fixed were unreasonable, unlawful and confiscatory.   From a decision of the circuit court sustaining such allegations this appeal is prosecuted by the commission.   The only propositions relied upon by appellant here relate to the admission of evidence, and to the action of the circuit court in rendering judgment for the recovery by appellee here of $521.41, paid into the state treasury upon the order of the commission; same being the expense of the commission in the hearing.   Appellant's discussion of the rulings of the court relating to evidence is quite

1. general; and we are justified in so treating the rulings.   For instance, appellant complains of the admission of evidence of operating expenses at a time subsequent to the decision of the commission.

The statute, §10052c3 Burns 1914, Acts 1913 p. 167, §81, provides that the court may hear evidence "different" from, and "additional" to, that heard by the

2. commission; and the statute does not provide that such different and additional evidence shall relate only to matters occurring or existing prior to the hearing or decision of the commission; therefore, so far as expression in the statute is concerned, such evidence may relate to matters occurring after the board's decision and up to the time of trial in the circuit court.  The statute further provides that if the trial court hears "additional" or "different" evidence, the trial court shall, before rendering judgment, transmit a copy of the "additional" or "different" evidence to the commission for its consideration; and that the commission may alter or rescind its order, and must report to the court within ten days.   Thus the commission is placed upon

the same footing, so far as evidence is concerned, as is the circuit court on appeal; and the fact that the evidence may relate to after matters is unobjectionable.

Furthermore, the propriety of hearing evidence as to a practical test of the reasonableness of such order, especially where that question is not clearly solved

3.    by a hearing before the commission, is recognized by the courts. *Willcox* v. *Consolidated Gas Co.* (1908), 212 U. S. 19, 54, 55, 29 Sup. Ct. 192, 53 L. Ed. 382, 15 Ann. Cas. 1034, 48 L. R. A. (N. S.) 1134; *Northern Pacific R. Co.* v. *N. Dakota* (1909), 216 U. S. 579, 581, 30 Sup. Ct. 423, 54 L. Ed. 624. This clearly shows that it is proper to hear evidence of things happening after such an order is entered to properly determine whether such order is valid or invalid. This disposes of all objections made to the admission of such evidence.

The remaining objections to evidence are almost entirely directed against permitting witnesses to state opinions regarding various phases of the telephone business.

Appellant chooses from among many such, and as illustrating its position, its objection to the question, in substance, whether in the last few years the cost of operating telephone plants in Indiana has increased per unit, taking the telephone station as a unit.

The court found the witness to be an expert accountant of sufficient experience in telephone matters to understand the same. If it were proper for the

4.    court to look only to the experience of other individual telephone companies and make comparisons, it might appear that the cost of operating

5.    one plant had increased because of bad management; and it might thus appear that the cost in another case had decreased by extraordinarily careful management; and such comparison would little aid the court. On the other hand, general and wide knowledge

of such matters by one accustomed to study such accounts and make observations of all things affecting results in such business is largely technical, and is not possessed by persons ordinarily informed, nor as fully by those engaged in operating only one such plant, and upon such matters the opinion of an expert is admissible. The same witness was permitted by the court to state that it was not good business to allow a discount of ten to fifteen cents per month on rentals not paid in advance. The commission had, in this case, ordered such a discount of ten cents on the payment of residence rentals within the first ten days of the month succeeding the service, and of fifteen cents on business telephones under like circumstances. Whether this order was so unjust and unreasonable as to be confiscatory of the company's property was an issue being tried. It was a matter involving a business policy or practice, and an ability to judge the results of such practice depends upon experience. The more experience, the better the ability to so judge. One who has had opportunity to see the results of such practice in many instances may aid an inexperienced trial court by stating, not alone each particular instance within his observation, but a general opinion so formed.

The remaining illustration of this character chosen by appellant is its objection to a statement by said witness of his opinion as to what is a reasonable rate

6. of return upon an investment like that of the appellee. The witness answered eight per cent.

Reasonable rates of interest differ according to circumstances surrounding the investment. Even agreements as to interest rates are made after consideration of the risk. When circumstances affecting the risk are of a common and ordinary character, and generally well known, there is little trouble in naming a reasonable

rate proportioned to such risks. When the risk can only be known by extended experiments and experience, those having such experience are able to aid others who do not have such experience or knowledge, but whose duty it is, nevertheless, to say whether the rate is reasonable when the interests of all concerned are involved. One having technical knowledge, or whose extensive observations enable him to have an opinion, may advise another in need of such advice.

This cause was so fully and fairly tried in the circuit court that the appellant, reserving the exceptions herein specially noted, says it can "hardly ask the court to reverse the case for insufficiency of evidence." We have carefully considered all the special matters relating to the admission of evidence, and are satisfied that so far as such questions are concerned the judgment below should be affirmed.

The circuit court found as a fact that appellee had paid into the treasury of the state the sum of $521.41, as ordered by the commission, said amount being the expense incurred by the commission in the proceeding and hearing by the commission relating to appellee's rules and rates. The seventh conclusion of law stated by the circuit court is that this amount be repaid to appellee by the commission.

7. The order of the commission requiring appellee to pay the commission's expenses was not a ruling on an issue tried by the commission. It was rather like a judgment that the commission recover its costs because appellee was found to be in the wrong. It resulted from a decision against appellee of the issues tried by the commission. The statute, §10052v2 Burns 1914, Acts 1913 p. 167, §74, allows the commission to tax such expenses only when it finds that an order should be entered against the utility being investigated. When it was by the circuit court on appeal adjudged that the

commission's decision on the issue involved before the commission was wrong, it followed that the commission's order that appellee pay the commission's expenses was also wrong, and as a consequence said order as to costs was set aside by the court. To the commission is appropriated a fund out of which the commission shall primarily pay the expenses of such investigations, the state, or the fund, to be reimbursed only when such expenses are properly recoverable from those against whom orders are made. Hence, when its order is set aside, the commission should out of said fund return the amount so improperly collected. The circuit court's general order and judgment that appellee recover of appellant his costs requires that appellee be so repaid.

The trial court is directed to modify its conclusions of law by striking therefrom the seventh conclusion. Otherwise the judgment below is affirmed.

NOTE.—Reported in 122 N. E. 328. See under (4-6) 17 Cyc 224, 227.